# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **ORDER OF DETENTION PENDING REVOCATION HEARING** |
| v. | |
| **JUNIOR JAMIL SALMO** | Case Number: **1:01-CR-164** |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
    - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
    - ☐ under 18 U.S.C.§924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant has previously left this district without approval and failed to report to the probation office as directed, behavior which resulted in a prior modification of his supervised release.

Defendant subsequently violated his supervised release by failing to attend AA meetings which caused the probation office to require increased testing at the Reality Counseling Services (continued on attachment)

## Part II - Written Statement of Reasons for Detention

Defendant has failed to show by clear and convincing evidence that he is sufficiently amenable to supervision that he will cooperate with the court and its probation officers, and appear for all further proceedings as directed.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| Dated: **October 5, 2005** | **/s/ Hugh W. Brenneman, Jr.** |
| | *Signature of Judicial Officer* |
| | Hugh W. Brenneman, Jr., United States Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Junior Jamil Salmo
1:01-CR-164
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.

**Alternate Findings (B) - (continued)**

    in Grand Rapids, Michigan.

    The present petition charges, and defendant acknowledges, that there is probable cause to believe that defendant has failed to attend AA meetings as required two to three times per week since January 6, 2005, that he has failed to provide receipts for purchases in his home, that he has failed to provide access to his home to probation officers, that he refuses to provide financial information to probation officers, and that he failed to appear at the probation office as directed.

    Defendant has adopted a confrontational stance with members of the probation office which has necessitated two of them always being present when dealing with the defendant. Defendant has been volatile and aggressive in their presence. Defendant has been attending anger management classes for over a year, but no improvement has been noted.